0’Bbieu, J.
(concurring). I concur in the views expressed by Judge Fuld.
The record reveals that the defendant Donovan’s confession was signed after the attorney who had been retained for him was denied permission to confer with his client.
The trial court charged as a matter of law that the police were guilty of violating the positive command of our Legislature to arraign without unreasonable delay a person taken into custody (Code Grim. Pro., § 165). Failure to do so constitutes a crime (Penal Law, § 1844). The. facts in this case show that the detaining officers were committing a crime against Donovan at the very same time that they were denying his attorney the right to confer with him. Here, the record indicates that the holding by the police of a “press conference ” was advanced as one of the reasons why the attorney (present and available) was denied permission to confer with Donovan. In fact, it is undisputed that the officer admitted that he would deny permission to any attorney seeking to confer with a client who was “under arrest” and “being questioned”.
*155 Under the circumstances revealed by the record in these cases, the reception of Donovan’s written statement in evidence was improper. It implicated the codefendant, Mencher, and may have influenced the jury’s verdict as to him. In the interest of justice his conviction should also be reversed.
Naturally there will be many who will argue that, in view of the facts disclosed in the record and the jury’s findings thereon, the verdict of “ guilty ” was more than justified and therefore should be affirmed.
The answer to that contention was written many years ago (1918) by Chief Judge Hiscock, who, in the case of People v. Esposito (224 N. Y. 370, 372), stated: “It was immaterial that one might think that the defendant was guilty of the highest crime of which he could be convicted and that there was no danger that such a conviction would result in meting out to him greater punishment than he deserved. Such thoughts as these, if they existed, had no place in the presence of that fundamental principle of our jurisprudence that a man shall not be punished for an act, however abhorrent and criminal it may seem to be, until he has been justly and fairly convicted.” Many other eminent jurists have expressed similar thoughts since that time.
In my opinion the judgment of conviction as to each defendant should be reversed and each case sent back for a new trial.